UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| DAVID SAMARRIPA, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6:17-86-DCR |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| J. RAY ORMOND, Warden, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Petitioner David Samarripa is currently confined at the United States Penitentiary-McCreary ("USP-McCreary") in Pine Knot, Kentucky. Proceeding without a lawyer, Samarripa has filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and has paid the filing fee. [Record No. 9, 10]. Pursuant to 28 U.S.C. § 2243, the Court is authorized to screen a petition for a writ of habeas corpus before directing the respondent to show cause why the writ should not be granted. 28 U.S.C. § 2243. For the reasons set forth below, Samarripa's petition will be denied.

**I.**

On July 5, 2011, Samarripa was charged in the United States District Court for the Western District of Texas in counts one and two of a three-count indictment with: (1) conspiring to possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(count one); and (2) conspiring to possess with intent to distribute one

kilogram or more of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(count two). *See United States v. Samarripa*, No. 1:11-cr-360-SS-14 (W.D. Tex. 2011) at Record No. 2. The United States filed a notice of enhanced penalties on August 3, 2011, pursuant to 21 U.S.C. § 851 based on Samarripa's prior 2004 felony drug conviction for possession of heroin in the 331st Judicial District Court of Travis County, Texas. *Id*. at Record No. 251.

Samarripa pled guilty without a plea agreement to counts one and two of the superseding indictment on September 7, 2011. *Id*. at Record No. 388, 412. On December 9, 2011, Samarripa was sentenced to a 240-month term of imprisonment pursuant to the mandatory minimum required by 21 U.S.C. § 841(b)(1)(A), to be followed by a 10-year term of supervised release. Additionally, he was ordered to pay a $200 special assessment fee. *Id*. at Record No. 496, 609.

Samarripa did not take a direct appeal. However, on November 7, 2012, he filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, arguing that his counsel was ineffective for various reasons, including for failing to object to the government filing of the § 851 notice, which increased his sentence to a mandatory minimum of 20 years and a statutory maximum of life imprisonment. *Id*. at Record No. 627. The District Court denied Samarripa's § 2255 motion, *id*. at Record No. 632, 638, 639, and Samarripa's appeal of that decision was dismissed as untimely by the United States Court of Appeals for the Fifth Circuit. *Id*. at Record No. 704. Samarripa's subsequent attempts to challenge his sentence in the United States District Court for the Western District of Texas have also been denied or dismissed. *Id*. at Record No. 709, 721,

794 (multiple successive § 2255 motions); Record No. 726, 787 (motions to reduce sentence pursuant to United States Sentencing Commission Amendment 782); Record No. 800 (petition for Writ of Audita Querela).

Samarripa's most recent attempt to challenge his sentence *via* a motion seeking authorization to file a successive § 2255 petition based upon the United States Supreme Court's holding in *Mathis v. United States*, 136 S.Ct. 2243 (2016), was denied by the Fifth Circuit Court of Appeals. *In re: David Samarripa*, No. 17:50192 (5th Cir. 2017). In holding that Samarripa did not make the required prima facie showing, the Court explained that "*Mathis* was decided on direct appeal based on existing precedent and did not announce a new constitutional rule made retroactive to cases on collateral review." *Id*. at April 19, 2017 Order, p. 2 (citing *Mathis*, 136 S. Ct. at 2247-57; *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016)).

Samarripa is now attempting to obtain relief from his sentence in this Court by filing an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 10]. Samarripa argues that, under the categorical approach set forth in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis*, his prior Texas drug offense would no longer meet the federal definition of a "felony drug offense," thus his sentence was not subject to the statutory sentencing range provided by 21 U.S.C. § 841(b)(1)(A). [Record No. 10 at p. 5]. Samarripa seeks to be resentenced under the United States Sentencing Guidelines ("U.S.S.G."), absent the statutory increase provided by § 841(b)(1)(A)'s recidivist clause. [*Id*.] However, as explained more fully below, Samarripa is not entitled to relief.

## II.

A federal prisoner may not generally use a § 2241 petition to challenge the enhancement of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). A § 2241 petition may typically only be used as a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). A federal prisoner who instead wishes to challenge the legality of his conviction or sentence must file a motion under § 2255. *Peterman*, 249 F.3d at 461 (explaining the distinction between permissible uses for a § 2255 motion and a § 2241 petition). The prisoner may not resort to § 2241 to seek relief even when § 2255 is not presently "available" to him, whether because he filed a timely motion and was denied relief; he did not file a timely § 2255 motion; or he filed an untimely motion. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002). In other words, prisoners cannot use a habeas petition under § 2241 as yet another "bite at the apple." *Hernandez v. Lamanna*, 16 F. App'x 317, 360 (6th Cir. 2001).

The decidedly narrow scope of relief under § 2241 applies with particular force to challenges not to convictions, but to the sentence imposed. *Peterman*, 249 F.3d at 462; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."). In *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016), the Sixth Circuit articulated a very narrow exception to this general rule, permitting a challenge to a sentence to be asserted in a § 2241 petition, but only where (1) the

petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F. 3d at 599-600.[1]

Samarripa does not satisfy the first criterion because he was sentenced in 2011, long after *Booker* was decided. In addition, neither *Descamps* nor *Mathis* may be used to invoke the savings clause: both decisions relate solely to the *process* by which a district court evaluates prior offenses to determine if they qualify as predicates; they did not involve interpretation of the substantive reach of a statute such that a defendant might find himself convicted of conduct that the law does not criminalize. *Bousley v. United States*, 523 U.S. 614, 620-21 (1998) (citing *Davis v. United States*, 417 U.S. 333, 346 (1974)).

Samarripa's claims are also without substantive merit. The authorities cited by Samarripa are inapposite because his sentence was not enhanced under the career offender provision of U.S.S.G. § 4B1.1. Instead, he was sentenced to a mandatory term of 240 months imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A) because he had previously committed a "felony drug offense" as defined in 21 U.S.C. § 802(44). *Samarripa*, No.

---

[1] As this Court has this Court has recently explained, it is questionable whether *Hill* is binding on this Court because it is inconsistent with previous Sixth Circuit published precedent. *See Muir v. Quintana*, No. 5:17-327-DCR (E.D. Ky. August 17, 2017). However, even setting aside these issues with the *Hill* decision, Samarripa is not entitled to relief under *Hill*.

1:11-cr-360-SS-14 (W.D. Tex. 2011) at Record No. 251, 537, 609. Determining whether a predicate qualifies as a prior "drug trafficking offense" under § 4B1.1 may involve a complex assessment of whether the prior offense involved the manufacture, importation, distribution, or possession with intent to do one of these things within the meaning of § 4B1.2(b). *United States v. Hinkle*, 832 F.3d 569, 572-73 (5th Cir. 2016). But assessing whether a predicate is a "felony drug offense" under 21 U.S.C. § 802(44) is quite simple: the offense must be punishable by more than one year in prison and the sentence imposed under any statute "that prohibits or restricts conduct relating to" drugs. The sentencing court found that Samarripa's conviction satisfied this requirement. *Samarripa*, No. 1:11-cr-360-SS-14 (W.D. Tex. 2011) at Record No. 412, 466, 609. The more complex analysis set forth in *Mathis* and implemented in *Hinkle* is simply not relevant to Samarripa's circumstances.

## III.

Samarripa's petition fails to establish any basis for habeas relief. Accordingly, it is hereby

**ORDERED** as follows:

1. Samarripa's amended petition for a writ of habeas corpus [Record No. 10] is **DENIED**.

2. A corresponding Judgment will be entered this date.

3. This matter is **DISMISSED** and **STRICKEN** from the docket.

This 24th day of August, 2017.


Signed By:
*Danny C. Reeves* DCR
United States District Judge